IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS FELICIANO MUÑOZ ET AL.<br><br>     Plaintiffs<br><br>     vs.<br><br>FRED REBARBER OCASIO<br><br>     Defendant | CASE NO. 3:16-cv-02719(FAB)<br><br>(Jury Demand) |

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT:

COMES NOW Defendant by and through his undersigned attorney and as for his answer to the complaint filed in the case at caption pleads and prays as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. Plaintiffs were given the opportunity to perform due diligence as to all aspects of the subjects and objects of the sale and there were no discrepancies at all in existence.

7. Denied. At the time of the sale all aspects of the operation were in full compliance with Federal Aviation Administration rules and regulations.

8. Denied. All aircraft were in an airworthy condition at the time the sale was executed.

9. Admitted as to the accuracy of the quoted segment of the agreement.

10. Denied. All operations were conducted in accordance with Federal Aviation Administration rules and regulations pertinent to 14 CFR Part 135.

11. Denied. All expenses, if proven to have been incurred, were the result of normal operations subsequent to the sale and over a period of several months.

12. Denied. All expenses, if proven to have been incurred, were the result of normal operations subsequent to the sale and over a period of several months.

13. Denied. At the time of the sale, the mentioned aircraft was in full compliance with applicable Federal Aviation Administration rules and regulations pertinent to 14 CFR Part 135.

14. Denied. At the time of the sale, the mentioned aircraft was in full compliance with applicable Federal Aviation Administration rules and regulations pertinent to 14 CFR Part 135.

15. Denied. At the time of the sale, the mentioned aircraft was in full compliance with applicable Federal Aviation Administration rules and regulations pertinent to 14 CFR Part 135.

16. Denied. At the time of the sale, the mentioned aircraft was in full compliance with applicable Federal Aviation Administration rules and

regulations pertinent to 14 CFR Part 135.

17. Denied. At the time of the sale, the mentioned aircraft was in full compliance with applicable Federal Aviation Administration rules and regulations pertinent to 14 CFR Part 135.

18. Denied. At the time of the sale, all aircraft were in full compliance with applicable Federal Aviation Administration rules and regulations pertinent to 14 CFR Part 135.

19. Denied. Whatever aircraft had to be chartered were the result of mishandling of the fleet.

20. Denied. At the time of the sale, the mentioned aircraft was in full compliance with applicable Federal Aviation Administration rules and regulations pertinent to 14 CFR Part 135.

21. Denied. There were no sums owed to Plaintiffs at the time of their acquisition of the operation and its assets.

22. Admitted as to the accuracy of the quoted segment of the agreement. However, any inference that Defendant breached his obligations as contained in the recital is categorically denied.

23. Denied. The contents to the referenced matter are self-explanatory and cannot be construed as to their breach by Defendant.

24. Admitted as to the delivery of the communication but denied as to any inference that may be drawn as to Defendant's breach of his legal obligations.

25. Denied. There were no such false representations and any untoward events relating to the operation after conclusion of the sale were the

direct result of mishandling and an unfamiliarity with the manner in which the business was to be conducted.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter averred.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter averred. However, any expenses which may have been incurred were the direct result of Plaintiffs' unfamiliarity with and knowledge of the operation purchased.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter averred.

29. Admitted as to the accuracy of the quoted segment of the agreement. However, any inference that Defendant breached his obligations as contained in the recital is categorically denied.

30. Denied. Whatever losses which may have been sustained were the direct result of mishandling of and total unfamiliarity with the operation Plaintiffs acquired.

## Affirmative Defenses

1. Plaintiffs assumed the risks associated with an operation with which they were not fully conversant.

2. Plaintiffs' damages, if any, were caused by their lack of fitness in the conduct of a 14 CFR Part 135 operation and of failing to follow the management practices which, heretofore, had made Air America a highly successful and profitable business enterprise.

3. When encountering difficulties in its operations, Plaintiffs did

not avail themselves of the expertise to which Defendant had been bound as part of the sale of his part in the corporation.

### Jury Demand

Defendant demands that all facts so triable be adjudged by a jury.

WHEREFORE, Defendant prays that the complaint be dismissed, costs and attorney fees the levied against Plaintiffs and that this Court grant any other equitable relief which it may deemed to be meet and just, fitting and proper.

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

In Guaynabo, P.R., this 23rd day of November, 2016.

> s/ Gabriel I. Peñagarícano
> GABRIEL I. PEÑAGARÍCANO
> USDCPR 120608
> PMB 239
> 405 Ave. Esmeralda, Ste. 102
> Guaynabo, P.R. 00969
> Tel: (787) 287-9024, (787)409-2859
> Fax: (787) 731-0679
> email: gips1934@hotmail.com