IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS FELICIANO-MUÑOZ AND AIR AMERICA, INC,

Plaintiffs,

v.

FRED REBARBER OCASIO,

Defendant.

CIVIL NO.: 16-2719 (MEL)

**OPINION AND ORDER**

On December 8, 2016, U.S. District Judge Francisco A. Besosa issued a Case Management Order in which he specified that Fred Rebarber Ocasio ("Defendant") and Luis Feliciano-Muñoz ("Plaintiff") would not be allowed to extend discovery on their own by agreeing to do so among themselves. ECF No. 5, at 10. On December 23, 2016, the case was referred to the undersigned for all further proceedings. ECF No. 8. The directives set in the Case Management Order remained binding on the parties. ECF No. 9. An Initial Schedule Conference (ISC) was held on February 6, 2017, in which the deadline for Defendant to produce expert reports was set to May 16, 2017 and the conclusion of discovery was set for August 31, 2017. ECF No. 12. That order again specified that the parties could not amend the deadlines set forth in the ISC minutes on their own without prior leave from the court. Id. On April 27, 2017, as a result of having granted Plaintiff's motion requesting leave to amend the complaint, the court ordered Defendant to file a motion on or before May 5, 2017 specifically detailing which deadlines he requested to be extended and for how many days. ECF No. 15. On May 1, Defendant filed a motion proposing that the discovery deadline be extended to September 30, 2017. ECF No. 18. On May 2, 2017, however, the court denied the motion without prejudice because it simply requested an extension of the discovery

deadline rather than specifying in detail how much additional time was being requested for the various phases of the discovery process. ECF No. 19. By May 5, 2017, Defendant had not refiled the motion; thus, the deadlines set forth in the ISC minutes remained binding. By May 16, 2017, the deadline for Defendant to produce expert reports, Defendant had not produced any expert reports.

Several months later, on August 21, 2017, Defendant requested that the court allow the withdrawal of Gabriel I. Peñagarícano-Soler as his attorney. ECF No. 30. The court noted the motion, stating that the matter would be addressed at the status conference set for August 29, 2017 unless a new attorney filed a notice of appearance and attended the status conference. ECF No. 31. On August 25, 2017, Carlos A. Mercado-Rivera filed a Notice of Appearance as counsel for Defendant and informed the court that he would be attending the status conference. ECF No. 32. On August 28, 2017, Mr. Peñagarícano-Soler filed a motion to withdraw as counsel for Defendant. ECF No. 36. The court granted the motion. ECF No. 37. On August 29, 2017, the status conference was held, and the court granted the parties' request to extend the discovery deadline until November 30, 2017, but only to conclude depositions, and not to produce expert reports. ECF No. 38. Mr. Mercado-Rivera did not bring the matter of any expert reports that had yet to be produced to the court's attention. Indeed, the status conference minutes state that "[t]he parties advised that the *only* matter pending to conclude the discovery phase of this case [wa]s the taking of approximately 6 to 8 depositions." Id. (emphasis added).

On January 16, 2018, Defendant filed a motion for summary judgment, to which he attached export reports by Rafael Gilestra and Ismael Ortiz, neither of which had previously been produced to Plaintiff. ECF No. 42. On March 1, 2018, Plaintiff filed a response in opposition, in which he requested that the court exclude the testimonies of Mr. Gilestra and Mr. Ortiz at trial due

2

to the untimely production of their expert reports. ECF No. 55, at 6. On September 19, 2018, the court ordered Defendant to show cause as to why Plaintiff's request should not be granted. ECF No. 80. On September 24, 2018, Defendant filed a motion in compliance with the court's order to show cause. ECF No. 85.

In his motion, Defendant makes three arguments against exclusion. First, Defendant argues that Plaintiff amended his complaint on April 27, 2017, which required him to amend his expert report. Id. at 2. As of July 20, 2017, Defendant still had not received Plaintiff's amended expert report. Id. Second, Defendant argues that his counsel, Mr. Mercado-Rivera, was hired after the expiration of some of the court's deadlines, and that his previous attorney, Mr. Peñagarícano-Soler, had an agreement with Plaintiff to extend those deadlines. Id. at 2-3. Third, Defendant argues that the court extended the discovery deadline until November 30, 2017, and that he was under the impression that this extension applied to the production of expert reports. Id. at 3. Subsequently, on November 14, 2017, Defendant asked Plaintiff to file a motion on behalf of both parties to extend the discovery deadline, as he did not have an office, Internet access, or electricity. Id. Plaintiff never filed this motion, leaving Defendant with no choice but to file the expert reports after November 30, 2017. Id.

The court is well aware of the challenges faced by attorneys in the wake of Hurricane Irma, which brushed Puerto Rico on September 6, 2017, and Hurricane Maria, which struck on September 20, 2017. Therefore, the court will focus its inquiry on the chain of events that preceded September 6, 2017.

Turning first to Plaintiff's conduct regarding his amended expert report, the deadline for Plaintiff to produce expert reports was March 30, 2017. ECF No. 12. Plaintiff claims that he provided Defendant with his expert report by February 8, 2017, an allegation that Defendant does

not contest. ECF No. 55, at 6. In his motion for leave to amend the complaint, filed on April 27, 2017, Plaintiff stated that his expert report would require an amendment to include analysis of his additional claims. ECF No. 14, at 3. However, Plaintiff did not specifically request leave to amend his expert report. Plaintiff produced his amended expert report on August 8, 2017, five months after the deadline for him to produce expert reports. ECF No. 93, at 2. Thus, given that Plaintiff never requested leave to amend his expert report, the court will limit the scope of Plaintiff's expert's testimony to the content of his original report.

Defendant next argues that his counsel, Mr. Mercado-Rivera, was hired after the expiration of some of the court's deadlines, and that his previous attorney, Mr. Peñagarícano-Soler, had an agreement with Plaintiff to extend those deadlines. Defendant has provided no evidence of any agreement between Mr. Peñagarícano-Soler and Plaintiff to extend the deadline for producing Defendant's expert reports, aside from defense counsel's own assertions. Even assuming that such an agreement existed, Defendant was warned not once, but twice that the parties could not extend court-imposed deadlines on their own. Upon filing his Notice of Appearance as counsel for Defendant, it was Mr. Mercado-Rivera's responsibility to ascertain whether his predecessor had failed to comply with any discovery deadlines and to bring them to the court's attention as part of working toward a solution. At the status conference, Mr. Mercado-Rivera did not inform the court of the existence of any agreement between his predecessor and Plaintiff to extend the deadline for producing Defendant's expert reports. In fact, Mr. Mercado-Rivera did not raise any aspect of the issue of the missing expert reports to the court.

Lastly, Defendant claims that the court extended the discovery deadline until November 30, 2017, and that he was under the impression that this extension applied to the production of expert reports. This argument begs credulity. The status conference minutes state that "the court

granted [the parties'] request to extend the discovery deadline until **November 30, 2017,** *in order to conclude the depositions*." ECF No. 38 (emphasis added).  In the unlikely event that Defendant was confused about the court's directives, "at a minimum, 'it would have been prudent for [him] to inquire' about the deadline."  Amoah v. McKinney, 875 F.3d 60, 63 (1st Cir. 2017).

Defendant turns to the First Circuit's decision in Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72 (1st Cir. 2009) to bolster his arguments against exclusion.  There, the First Circuit held that the district court erroneously precluded the plaintiff's expert witness after he failed to disclose his expert and instead filed a motion requesting that the court further extent the relevant deadlines. Id. at 73.  The court finds Esposito to be distinguishable.  The First Circuit stated that in concluding that the sanction was not justified, it

> view[ed] the history of the litigation as particularly enlightening.  This [wa]s not a case of a party repeatedly balking at court-imposed deadlines. . . .  Nor [wa]s this a case where the sanctioned party ignored pre-sanction warnings from the district court.  Nor d[id] this case involve, from all appearances, an act of calculated gamesmanship on the part of the sanctioned party."

Id. at 79.  See also Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 198 (1st Cir. 2006) ("[D]ismissal for a minor act of negligence in the absence of prior warning or a showing of special prejudice would be too harsh, but . . . a 'pattern of unexcused noncompliance' or a 'succession of violations' would in itself justify dismissal.") (quoting Robson v. Hallenbeck, 81 F.3d 1, 3-4 (1st Cir.1996) (citations omitted)).

Unlike the plaintiff in Esposito, Defendant here has disregarded a series of court orders. The deadline for Defendant to produce expert reports was set to May 16, 2017.  ECF No. 12.  The court ordered Defendant to file a motion on or before May 5, 2017, specifically detailing which deadlines he requested to be extended and for how many days.  ECF No. 15.  Defendant's motion for extension of time to conduct discovery was denied without prejudice on May 2, 2017, and

5

Defendant never complied with the court's directives. ECF No. 22. Defendant was given ample opportunity to request that the deadline for producing expert reports be extended; in fact, the court *ordered* him to detail which deadlines he requested to be extended, and he failed to comply. See Amoah, 875 F.3d at 64 (granting Defendants' motion to strike Plaintiff's expert reports because Plaintiff provided them to the defense nearly four months after the deadline for expert disclosures); Boston Gas Co. v. Century Indem. Co., 529 F.3d 8 (1st Cir. 2008) (holding that the district court did not abuse its discretion by excluding Defendant's untimely supplemental expert report); Genereux v. Raytheon Co., 754 F.3d 51 (1st Cir. 2014) (holding that the district court did not abuse its discretion in preventing Plaintiffs from introducing a supplemental expert witness declaration that was filed thirteen months after the deadline for expert witness submissions); Macaulay v. Anas, 321 F.3d 45 (1st Cir. 2003) (holding that the district court's preclusion of Plaintiff's supplemental expert report for producing it a month after the deadline for submitting expert witness reports was not an abuse of discretion).

The court is also troubled by Defendant's silence regarding the issue of the expert reports both at the status conference and when he submitted the expert reports as part of his motion for summary judgment. If sanctions were not imposed, Defendant's failure to bring this matter to the court's attention would result in substantial prejudice to Plaintiff in this case. Defendant notified the expert reports to Plaintiff approximately eight months after the deadline, five months after the status conference, during which Defendant did not bring the matter of any expert reports that had yet to be produced to the court's attention, and two months after the end of discovery, as part of his motion for summary judgment. Under these circumstances, Plaintiff cannot be expected to oppose summary judgment in any meaningful way.[1] See McKinney, 875 F.3d at 63 ([I]f [the

---

[1] At a minimum, Plaintiff would be entitled to depose Defendant's experts before opposing the motion for summary judgment, which for all practical purposes would reopen the discovery phase long after it had expired.

expert] reports were allowed, then '[D]efendants would be required to withdraw their current motion for summary judgment, depose [P]laintiff's experts, perhaps have their own experts prepare amended expert reports based on [P]laintiff's expert reports, and then—if still deemed prudent—file a new motion for summary judgment.'"); Genereux, 754 F.3d at 60 ("Defendant deposed the expert and probed his opinions long before the 2012 Declaration emerged, and that ground would have to be repastinated in light of the expert's newly advanced position.  So, too, its own experts likely would have to be re-interviewed.  Taking new depositions and reinterviewing experts would undoubtedly increase [Defendant's] expenses, a circumstance that can be considered as part of the prejudice calculus.").

WHEREFORE, in light of the matters previously mentioned, Plaintiff's request to exclude the testimonies of Rafael Gilestra and Ismael Ortiz at trial is GRANTED.  Additionally, the scope of Plaintiff's expert's testimony is limited to the content of his original report.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of September, 2018.

                                         s/Marcos E. López
                                         U.S. MAGISTRATE JUDGE