**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

LUIS FELICIANO-MUÑOZ AND AIR AMERICA, INC.,

Plaintiffs,

v.

FRED REBARBER-OCASIO,

Defendant.

CIVIL NO.: 16-2719 (MEL)

**OPINION AND ORDER**

## I. Procedural Background

Pending before the court is Mr. Fred Rebarber-Ocasio's ("Defendant" or "Mr. Rebarber-Ocasio") motion for reconsideration of the opinion and order (ECF No. 144) dated March 23, 2021. ECF No. 149. On November 13, 2020, an opinion and order was issued denying Defendant's request that summary judgment be entered as to the breach of contract claim against Mr. Luis Feliciano-Muñoz ("Mr. Feliciano-Muñoz") and Air America, Inc. (collectively "Plaintiffs"). ECF No. 111. Air America, Inc.'s breach of contract claim was dismissed for lack of standing. Id. at 3, 14.

On January 4, 2021, Air America, Inc. filed a "motion pursuant to Rule 60(b)(6)" requesting that its breach of contract claim against Defendant be reinstated. ECF No. 127. On March 23, 2021, after Defendant did not file a response to Air America, Inc.'s Rule 60(b)(6) motion, Air America, Inc.'s request that its breach of contract claim be reinstated was granted. ECF No. 144. On March 24, 2021, a pretrial and settlement video conference was held. ECF No. 146. After listening to the arguments of the attorneys of record at said conference, Defendant

was granted thirty days to file a motion for reconsideration of the opinion and order dated March 23, 2021 reinstating Air America, Inc.'s breach of contract claim. Id. at 1-2.

In the motion for reconsideration pending before the court, Defendant requests that the court "reconsider its determination to reinstate Air America, Inc. as a plaintiff in this case." ECF No. 149, at 2. On April 19, 2021, Air America, Inc. filed a response in opposition to Defendant's motion for reconsideration. ECF No. 150. On April 21, 2021, Defendant filed a motion in supplement to its motion for reconsideration. ECF No. 152. On May 1, 2021, Air America, Inc. filed a response in opposition to Defendant's motion in supplement. ECF No. 155. Defendant's motion to supplement (ECF No. 152) is noted.

## II. Legal Standard

"The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration of interlocutory orders." Vega v. Hernández, 381 F. Supp. 2d 31, 35 (D.P.R. 2005). "Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e), if it seeks to change the order or judgment issued." González-Camacho v. Banco Popular de Puerto Rico, 318 F. Supp. 3d 461, 511 (D.P.R. 2018) (citations omitted).

Motions for reconsideration "are entertained by courts if they seek to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law." Pineiro v. Oriental Group, 734 F. Supp. 2d 239, 241 (D.P.R. 2010) (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)). "Moreover, Rule 59(e) motions cannot be used 'to raise arguments which could have been raised prior to the issuance of the judgment [or order].'" Vega, 381 F. Supp. 2d at 35 (citing Pacific Ins. Co. v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). "Neither are Rule 59(e) motions appropriate 'to repeat old arguments previously

considered and rejected.'" Trabal Hernández v. Sealand Servs., Inc., 230 F. Supp. 2d 258, 259 (D.P.R. 2002) (quoting Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990)). "Hence, motions for reconsideration are 'extraordinary remedies which should be used sparingly' and are 'typically denied.'" Vega, 381 F. Supp. 2d at 35 (citations omitted).

## III. Legal Analysis

### A. Air America, Inc.'s breach of contract claim

Defendant argues that the reinstatement of Air America, Inc.'s breach of contract claim is not justified under Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)"). ECF No. 149, at 3-7. Pursuant to Rule 60(b), a court has the "discretion to 'relieve a party ... from a final judgment, order, or proceeding' if any of six different factors is met." Del Moral v. UBS Fin. Services, Inc., of Puerto Rico, 815 F. Supp. 2d 495, 503 (D.P.R. 2011). "Rule 60(b)(6) is a catchall provision and states that: 'On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any other reason that justifies relief.'" Ruiz-Justiniano v. United States Postal Service, Civ. No. 16-1526, 2018 WL 4558171, at *1 (D.P.R. Sept. 20, 2018) (citing Fed. R. Civ. P. 60(b)(6)).

"Relief under Rule 60(b)(6) requires a showing that exceptional circumstances justify extraordinary relief." López-Rosario v. Programa Seasonal Head Start, 140 F. Supp. 3d 214, 220 (D.P.R. 2015) (citing Bouret–Echevarria v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 44 (1st Cir. 2015)). "District courts have 'broad discretion' in determining if such circumstances exist." Ruiz-Justiniano, 2018 WL 4558171, at *1 (citations omitted). "Rule 60(b)(6) only applies when, 'principles of equity mandate relief.'" Oritz-Marrero, 2009 WL 1607866, at *2 (citing Aguiar–Carrasquillo v. Agosto–Alicea, 445 F.3d 19, 28 (1st Cir. 2006)). "The First Circuit has

held that '[a] party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" Id. (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).

Defendant did not file a response in opposition to Air America, Inc.'s motion pursuant to Rule 60(b) that was granted by the court. See ECF Nos. 127; 144. If Defendant believed that Air America, Inc.'s request was meritless, it would have been prudent for Defendant to file a response to Air America, Inc.'s Rule 60(b) motion instead of filing a motion for reconsideration. Nonetheless, Defendant's contention that the reinstatement of Air America, Inc.'s breach of contract claim is improper under Rule 60(b) cannot stand.

Defendant argues that Air America, Inc.'s request that its breach of contract claim be reinstated was untimely because it was filed 52 days after its breach of contract claim was dismissed. ECF No. 149, at 3-4. "Motions brought pursuant to Rule 60(b)(6) are subject to a 'reasonable' time limit, and the determination of what is 'reasonable' depends upon the circumstances of each case." See Bouret-Echevarria v. Caribbean Aviation Maintenance Corp., 784 F.3d 37, 43 (1st Cir. 2015). Although in the case at hand Air America, Inc. should have been more diligent in the filing of its Rule 60(b) motion, the request was made when no trial date had been set yet and prior to the entry of judgment. Moreover, if Defendant believed that said motion was untimely, he should have timely filed an opposition to the same.

Next, Defendant argues that exceptional circumstances are not present to justify the reinstatement of Air America, Inc.'s breach of contract claim. ECF No. 149, at 4-5. Defendant specifically argues that "the allegations of Air America as a third-party beneficiary were never

made until now, they were never made a part of the record, were never the subject of discovery, nor were they addressed in summary judgment." Id. at 5. Air America, Inc., on the other hand, contends that Defendant was put on notice of its claim against him by the amended complaint that alleges that Defendant is liable to Air America, Inc. for any unrecorded expenses pursuant to Article I, Section C(ii) of the Stock Purchase Agreement ("SPA"). ECF No. 150, at 2.

The term "third-party beneficiary" does not appear in the amended complaint. Defendant, however, was put on notice by the amended complaint of the specific section of the SPA that Air America, Inc.'s breach of contract claim rests upon. In the amended complaint, Plaintiffs allege that Defendant breached Article 1, Section C(ii) of the SPA that provides

> any unrecorded or undisclosed expenses and liabilities related with the operations of [Air America, Inc.] prior to this date (the 'Unrecorded Expenses') found by [Mr. Feliciano-Muñoz] after the date hereof, shall be paid by [Defendant] to [Air America, Inc.] upon claim thereof by [Mr. Feliciano-Muñoz] or by [Air America, Inc.] supported by adequate evidence.

ECF No. 16, at 5-6; ECF No. 16-1, at 2, Art. 1, Sec. C(ii). This provision of the SPA indicates that the contracting parties, Mr. Feliciano-Muñoz and Mr. Rebarber-Ocasio, intended to confer a benefit upon Air America, Inc. through the payment of unrecorded expenses. Hence, these allegations in the amended complaint were sufficient to put Defendant on notice that Air America, Inc. is a third-party beneficiary to the SPA. See Hogan v. SPAR Group, Inc., 914 F.3d 34, 39 (1st Cir. 2019) ("A third-party beneficiary must demonstrate with 'special clarity that the contracting parties intended to confer a benefit on him,' considering that such status is 'an exception to the general rule that a contract does not grant enforceable rights to nonsignatories.'" (citations omitted)); CPA Group Int'l Inc. v. American Intern. Ins. Co. of Puerto Rico, Civ. No. 01–1483, 2002 WL 31944044, at *11 (D.P.R. May 23, 2002) ("a party who benefits from the contract may be afforded rights under it as a third party beneficiary, even though it was not

expressly named and did not participate in the execution of the contract, if the benefits afforded to that party can be identified from the provisions of the contract.").

Defendant argues that the reinstatement of Air America, Inc.'s breach of contract claim would be "extremely prejudicial" because he would be "precluded from exploring those new allegations in discovery or requesting summary judgment to dismiss them." ECF No. 149, at 5. The procedural background of this case, however, does not support Defendant's contention. The original complaint filed on September 26, 2016 cites Article I, Paragraph C, Section (ii) of the SPA including the portion that asserts that "[a]ny unrecorded or undisclosed expenses and liabilities related with the operations of the Corporation prior to this date …. found by the Purchaser after the date hereof, shall be paid by Seller to the Corporation upon claim thereof by Purchaser or the Corporation supported by adequate evidence." ECF No. 1 at 4, 5. The original complaint further cites in Article I, Paragraph C, Section (ii) that "[i]n addition, any expenses incurred by the Corporation after the date hereof that should have been incurred by the Corporation prior to this date, will be on the account of the Seller and shall be considered Unrecorded Expenses." ECF No. 1, at 5. Defendant answered the complaint on November 23, 2016. ECF No. 4. Therefore, since late 2016, Defendant was on notice that the Plaintiffs were invoking the provision of the SPA mentioned above.

The Joint Case Management Memorandum filed by the parties on January 25, 2017 also explicitly cites to the provision of the SPA's Article I.C.(ii), incorrectly referred to in said memorandum as SPA's Article IV. See ECF No. 11 at 3, 4. Moreover, the amended complaint filed on April 28, 2017 also invokes Article I, Paragraph C, Section (ii) of the SPA. ECF No. 16, at 5-6, ¶ 24. Hence, the Defendant was formally put on notice at least three times between latter

half of 2016 and the early half of 2017 of the grounds upon which Air America, Inc. was pursuing its breach of contract claim.

Defendant had ample time to conduct discovery regarding any claims by Air America, Inc. up until November 30, 2017. ECF Nos. 5, 9, 12, 38. Had he needed more time to conduct discovery regarding Air America, Inc.'s claims, he could have filed a motion prior to November 30, 2017 requesting an enlargement of time to conduct discovery and explaining why he had not been able to conduct such discovery within the timeframe set by the court. However, no such motion was filed by the Defendant after the status conference was held on August 29, 2017. ECF No. 38.

It was not until November 13, 2020, that the court issued the order dismissing Air America Inc.'s breach of contract claim, which was eventually reinstated on March 23, 2021. ECF Nos. 111, 144. The period of time for the Defendant to investigate and conduct discovery of Air America, Inc.'s claims was not between November 13, 2020 and March 23, 2021, but rather from the inception of this case until November 30, 2017. Likewise, if Defendant wanted to pursue via a motion for summary judgment the dismissal of Air America Inc.'s breach of contract claim, it had until January 16, 2018 to do so. ECF No. 38. Had the court dismissed Air America Inc.'s breach of contract claim before the conclusion of the discovery phase of the case or the deadline to file dispositive motions, Defendant's argument might have merit. The record shows, however, that Defendant has not suffered any prejudice because Air America, Inc.'s breach of contract claim was still outstanding when the discovery phase of the case concluded and the deadline to file dispositive motions expired. In sum, Air America, Inc. will be allowed to pursue its breach of contract claim at trial. By reinstating Air America, Inc.'s breach of contract claim under a third-party beneficiary theory, the court is not placing said entity "in a different

position than that which was originally alleged", but rather allowing the claims of the amended complaint pursuant to the SPA's Article I.C.(ii) to move forward. Thus, Defendant's reconsideration request regarding the court's order reinstating Air America, Inc.'s breach of contract claim is DENIED.

**B. Jurisdictional Amount**

In his motion to supplement, Defendant argues once again that Plaintiffs' breach of contract claim does not exceed the $75,000 threshold for federal diversity jurisdiction. ECF No. 152. On January 26, 2021, Defendant filed a motion for reconsideration of the opinion and order dated November 13, 2020 (ECF No. 111) denying his motion for summary judgment. ECF No. 133. In the motion for reconsideration dated January 26, 2021, Defendant argued, *inter alia*, that Article IV, Section C of the SPA limited his indemnity obligations to $70,000, thus defeating the $75,000 limit for federal diversity jurisdiction. ECF No. 133, at 14. On March 23, 2021, the court determined that "Defendant's contention that federal diversity jurisdiction is not present is unsound as the indemnification limitation provision only applies to false representations under Article II, Sections H and I of the SPA which were not raised in the amended complaint." ECF No. 145, at 12.[1]

Now, in his supplemental motion, Defendant argues that the jurisdictional amount for diversity jurisdiction is not met because the indemnification limitation clause in Article IV, Section C should also apply to false representations under Article I, Section C(ii). ECF No. 152, at 3. Pursuant to Article IV, Section C, Defendant's indemnity obligations are limited for false representations that arise under Article II, Sections H and I. ECF No. 16-1, at 9. Article II, Section H includes a representation from Defendant regarding taxes:

[1] The amended complaint explicitly invokes three specific sections of the SPA: (1) Article II, Section D; (2) Article I, Section C(ii); and (3) Article IV, Section A. See ECF No. 16, at 2-7, ¶¶ 9, 24, 31.

> Taxes. [Air America, Inc.] has filed all federal, state, Commonwealth of Puerto Rico, municipal and other tax returns required to be filed, and all taxes, assessments and other governmental charges due from [Air America, Inc.] has been fully paid. [Air America, Inc.] has all the necessary records to support the deductions taken in its income tax returns filed for the years 2013, 2012, 2011, 2010 and 2009. [Air America, Inc.] has paid the Puerto Rico sales and use tax on parts and equipment introduced to Puerto Rico forming part of its inventory.

ECF No. 16-1, at 5-6. Meanwhile, Article II, Section I includes the following representation from Defendant: "No material unrecorded debt, contingencies or accrued expenses. [Air America, Inc.] has no material unrecorded or unreported liabilities or contingencies." ECF No. 16-1, at 6.

In his motion to supplement, Defendant argues that his indemnity obligations should also be limited for false representations that arise under Article I, Section C(ii) that provides

> The Corporation and/or Seller have satisfied 100% of any known accrued expenses and debt of the Corporation. Any unrecorded or undisclosed expenses and liabilities related with the operations of the Corporation prior to this date (the "Unrecorded Expense") found by the Purchaser after the date hereof, shall be paid by Seller to the Corporation upon claim thereof by Purchaser or the Corporation supported by adequate evidence. If Seller fails to reimburse the Corporation, in addition to any rights available at law to collect the Unrecorded Expenses, Purchaser shall have the right to deduct or set-off the Unrecorded Expenses from face value of the Note. All expenses incurred by the Corporation prior to the date hereof shall run on the account of the Seller; and all expenses incurred by the Corporation after the Date hereof will run on the account of the Corporation. In addition, any expenses incurred by the Corporation after the date hereof that should have been incurred by the Corporation prior to this date, will be on the account of the Seller and shall be considered Unrecorded Expenses.

ECF No. 16-1, at 2.[2] Defendant specifically argues that the indemnification limit should extend to representations made under Article I, Section C(ii) because said section pertains "to the exact same thing" as Article II, Section I. ECF No. 152, at 3.

---

[2] The SPA provides that Air America, Inc. is the "Corporation," Mr. Feliciano-Muñoz is the "Purchaser," and Mr. Rebarber-Ocasio is the "Seller." ECF No. 16-1, at 1.

"Where the terms of a contract are clear, leaving no doubt as to the contracting parties' intentions, such contract will be observed according to 'the literal sense of its stipulations.' Markel American Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 31 (1st Cir. 2012) (citing 31 L.P.R.A. § 3471). "It is widely accepted that '[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations.'" Id. (citing 31 L.P.R.A. § 2994).

Article IV, Section C is clear that its indemnification limit only applies to certain claims made by Mr. Feliciano-Muñoz. Article IV, Section C provides

> [n]otwithstanding in this Article IV to the contrary, Seller's indemnity obligations hereunder shall be limited as follows: (i) *Purchaser* shall not be entitled to assert any right to indemnification for any false or incorrect representations under Sections H and I of Article II hereof until the aggregate amount of all claims of *Purchaser* under those provisions exceeds ten thousand dollars ($10,000) (the "Deductible Amount"), and then only to the extent such claims in the aggregate exceed the Deductible Amount; and (ii) Purchase liability under the above cited provisions shall be limited in the aggregate to eighty thousand dollars ($80,000).

ECF No. 16-1, at 9 (emphasis added). Under the SPA, Mr. Feliciano-Muñoz is the "Purchaser." ECF No. 16-1, at 1. Thus, by its own terms, Article IV, Section C only limits Mr. Feliciano-Muñoz's claims for indemnification arising from Defendant's false representations under Sections H and I of Article II. The indemnification limit does not extend to claims made by Air America, Inc. For the foregoing reasons, Defendant's motion for reconsideration (ECF No. 149) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of August, 2021.

s/Marcos E. López
U.S. Magistrate Judge