UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| FRED J. REBARBER-OCASIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-01218-JAW |
| | ) | |
| LUIS FELICIANO-MUNOZ, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————— | ) | |
| | ) | |
| LUIS FELICIANO-MUNOZ, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-02719-JAW |
| | ) | |
| FRED J. REBARBER-OCASIO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO EXCLUDE EXPERT WITNESS**

With trial one month away, a party filed his third motion in limine seeking to exclude the testimony of his opponent's aviation expert.  The Court denies the motion because the Court previously ruled that the expert's testimony is relevant to factual issues in both cases, the expert is qualified to give the opinions rendered, the expert's opinions are likely to be helpful to the jury, and the movant's other objections do not justify exclusion of the expert's testimony.  Rather than exclusion, the moving party will be allowed to test the expert's qualifications, his knowledge of the facts in the case, and his opinions at the crucible of cross-examination, by introducing contrary evidence and through careful attention to proper jury instructions.

## I.   BACKGROUND

On January 13, 2021, in Luis Feliciano-Muñoz's breach of contract suit against Fred J. Rebarber-Ocasio, Mr. Feliciano and Mr. Rebarber filed a joint pretrial memorandum.   No. 3:16-cv-02719-JAW, *Proposed Pretrial Report* (ECF No. 129) (*Joint Pretrial Mem.*).   In the memorandum, Mr. Feliciano listed Luis Irizarry as an expert witness on airplane operations.   *Id.* at 35.   In his witness designation, Mr. Feliciano represented that on December 21, 2016, he had supplied opposing counsel with Mr. Irizarry's expert qualifications and report.   *Id.*   Mr. Feliciano wrote that Mr. Irizarry would "provide opinions about the deficiencies found in the airplanes, which required the repairs listed in the complaint."   *Id.*   The Joint Pretrial Memorandum also stated that Mr. Rebarber would object to Mr. Feliciano using Mr. Irizarry on the grounds that, in his view, Mr. Irizarry did not meet *Daubert*[1] standards and his opinions were "just speculations and not based on any reliable technique or investigation."   *Id.* at 36.

On April 1, 2022, Mr. Rebarber filed a pre-trial motion in limine to exclude the testimony of Mr. Irizarry at trial in the consolidated case.   *Mot. to Preclude Expert Op. and Test.* (ECF No. 194) (*Rebarber's Mot.*).   On April 22, 2022, Mr. Feliciano

---

[1]     *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

replied in opposition.  *Opp'n to Third Mot. to Preclude Expert Op. and Test. of Mr. Luis Irizarry* (ECF No. 217) (*Feliciano's Opp'n*).

## II.   LUIS IRIZARRY'S QUALIFICATIONS, EXPERIENCE, AND OPINIONS

Luis Irizarry's background and qualifications are found in a December 15, 2020 submission by Mr. Rebarber.  *See* 3:18-cv-01218-JAW, *Mot. to Preclude Expert Op. and Test.* (ECF No. 158), Attach. 1, *Expert Witness Report* (June 24, 2019) (*Irizarry Report*); *id.*, Attach. 2, *Curriculum Vitae, Luis Alberto Irizarry Porrata* (*Irizarry CV*).

After spending two years at the University of Puerto Rico, Mr. Irizarry received a bachelor's degree in Science in Aviation Management from the National Aviation College, School of Aeronautics.  *Irizarry CV* at 1; No. 3:16-cv-2719-JAW, *Mot. in Compliance with Order to Clarify* at 1 (ECF No. 82) (*Mot. in Compliance*).  According to Mr. Feliciano, "Aviation Management includes basic aviation concepts such as learning to prepare maintenance and flight [logbooks] and learning to identify maintenance and/or mechanical issues, or irregularities in aircrafts."  *Mot. in Compliance* at 1.

In addition, Mr. Irizarry received specific training as a maintenance technician by the FAA on March 14, 2003, *id.*, and he attended an Aviation Maintenance Training Seminar Inspection Authorization Renewal course provided by the Department of Transportation of the United States Aerospace Technical Training Institute, Inc. on March 28, 2000 and August 22, 2006.  *Id.* at 1-2.  According to Mr. Feliciano, Mr. Irizarry's formal training "allows him to act as instructor to renew the Inspector Authorization Certificates for other inspectors[,] which allows other

inspectors to certify inspections, major repairs and alternations in aircrafts and other aviation equipment." *Id.* at 2. Finally, Mr. Irizarry received formal training as a Lead Auditor and AS9100 Aerospace Auditor from the Plexus Corporation in November 2006, attended FAA training on aircraft maintenance documentation for Aviation Maintenance Technicians on July 1, 2018, and is certified by the FAA as (1) an airline transport pilot, (2) a ground instructor, and (3) a flight instructor with more than 14,000 hours of flight time. *Id.*

Mr. Irizarry's employment experience consists mostly of work as an airplane pilot. *See Irizarry CV* at 3-4. However, in addition to his work as a pilot, Mr. Irizarry worked as director of operations for two airlines, in 1985 and from 1989 to 1991. *Id.* Since March 1985, Mr. Irizarry has been employed as an aviation consultant, aircraft accident investigator, quality assurance specialist, and in airport aeronautical studies. *Id.* at 4. Since May 5, 2000, he has also been employed as the Director of Safety for Servicios Aéreos Profesionales, Inc. *Id.* Mr. Irizarry is the author of numerous certification and operations manuals. *Id.* at 5-7.

Mr. Feliciano designated Mr. Irizarry to testify as an expert in airplane operations, including the review and audit of maintenance and flight records and the proper maintenance of aircraft. *Mot. in Compliance* at 2. Mr. Feliciano has stressed that he is not offering Mr. Irizarry to testify as an airplane mechanic. *Id.* Instead, Mr. Irizarry will state that he reviewed and audited Air America, Inc. (AA)'s maintenance and flight records and these documents show there were "no entries in the logbooks of any discrepancies or maintenance issues for a long time." *Id.* at 2.

4

Mr. Irizarry will state that in his opinion, these AA documents indicate that "required repair and maintenance entries were not made in order to avoid conducting the necessary repairs and maintenance of the aircrafts." *Id.* at 3.  Mr. Irizarry will also express the view that this evidence "corroborates [Mr. Feliciano's] claim that he had to incur . . . expenses to repair issues that should have been repaired by the previous management, Defendant Fred Rebarber, in order to comply with FAA requirements." *Id.*

## III.   THE PARTIES' POSITIONS

### A.   Fred Rebarber's Motion to Exclude Luis Irizarry's Expert Testimony

Mr. Rebarber challenges Mr. Feliciano's expert witness on two grounds.  First, Mr. Rebarber argues that Mr. Irizarry's testimony on airplane operations is irrelevant to his claims related to Mr. Feliciano's corporate management in this consolidated case.  *Rebarber's Mot.* at 5.  Second, citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), he argues that Mr. Irizarry is not qualified to testify as to "what airplane maintenance logbooks require" because he lacks "technical knowledge in aircraft mechanics and maintenance."  *Id.* at 6. Specifically, "Mr. Irizarry is not certified by the Federal Aviation [A]dministration [(FAA)] as an Airframe & Powerplant Mechanic" and the only FAA certificates Mr. Irizarry holds are "pilot, instructor, and accident investigation certificates."  *Id.*  Mr. Rebarber insists that "Mr. Irizarry does not possess the qualifications to evaluate the maintenance logbooks of airplanes versus the condition of the aircraft" and that his

report relies on "speculative and unsupported" conclusions. *Id.* at 7. He further takes issue with Mr. Irizarry's failure to identify the specific documents, company records, and airplane logbooks he reviewed in preparing his testimony, as well as which employees he interviewed and which deposition transcripts he examined. *Id.* at 7-8.

As to Mr. Irizarry's assessment of AA's aircraft compliance with FAA regulations, Mr. Rebarber says the report does not identify specific aircrafts or equipment or state when these aircraft inspections took place. *Id.* at 9. He argues that Mr. Irizarry makes "no mention of any methodology" in concluding that maintenance issues were missing from AA's logbooks and that it operated unairworthy aircrafts. *Id.* at 10. Mr. Rebarber also suggests that Mr. Irizarry's assessment of his "alleged actions and omissions speak[s] to the matter of dolo or deceit," which cannot be permitted at trial following dismissal of Mr. Feliciano's dolo claim. *Id.* Mr. Rebarber concludes by contesting the reliability of Mr. Irizarry's credentials from St. Petersburg Junior College and asserting that Mr. Irizarry would present merely "speculative assessments of hand-picked documents by Mr. Feliciano" at trial. *Id.* at 11.

### B.   Luis Feliciano's Opposition

In response, Mr. Feliciano recounts Mr. Rebarber's prior attempts to preclude Mr. Irizarry's testimony in both cases, arguing that "almost ten months [after the Court's May 6, 2021, order addressing his proposed experts] Rebarber insists in presenting the same issues without any new evidence." *Feliciano's Opp'n* at 2. He submits that "Rebarber's arguments are matters for cross-examination into Irizarry's

credibility," and his one new argument that Mr. Irizarry would opine on the dismissed "dolo" cause of action is not grounds to exclude his expert.  *Id.*  Acknowledging that "no references to 'dolo' . . . should be made to the jury," Mr. Feliciano says that "Mr. Irizarry has not mentioned and will not mention those words during his testimony and will only testify as to his expert opinion on Rebarber's operational practices."  *Id.* at 2-3.  He incorporates by reference his prior arguments and evidence regarding Mr. Irizarry's qualifications and methodology, asserting that the "matter has been litigated extensively . . . and it has been decided twice."  *Id.* at 3.  Mr. Feliciano urges the Court to deny Mr. Rebarber's motion because "Irizarry's curriculum vitae and deposition testimony certainly demonstrate that he is an expert in airplane operations and that his expertise goes beyond academic studies and encompasses extensive working experience."  *Id.*

## IV.   LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.  In *Daubert*, the United States Supreme Court designated trial judges as gatekeepers responsible for determining whether Rule 702's requirements are met in any given case.  509 U.S. at 597.  A judge exercising the gatekeeper role must "ensure that an expert's testimony 'both rests on a reliable foundation and is

7

relevant to the task at hand.'" *United States v. Vargas*, 471 F.3d 255, 261 (1st Cir. 2006) (quoting *Daubert*, 509 U.S. at 597); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999) (extending *Daubert* to technical and other specialized expert testimony).

"The inquiry under Rule 702 is a 'flexible one.'" *Vargas*, 471 F.3d at 261 (quoting *Daubert*, 509 U.S. at 594).  A trial court is authorized to exclude expert testimony if it determines that the opinion evidence "'is connected to existing data only by the <u>ipse dixit</u> of the expert' or where there is 'simply too great an analytical gap between the data and the opinion proffered.'" *Thomas & Betts Corp. v. New Albertson's, Inc.*, 915 F.3d 36, 65 (1st Cir. 2019) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

## V.   DISCUSSSION

Mr. Rebarber challenges Mr. Irizarry's expert testimony on two bases: (1) whether Mr. Irizarry's testimony is relevant to his claims against Mr. Feliciano; and (2) whether Mr. Irizarry is qualified to testify as an expert on airplane operations and whether his report meets *Daubert* standards.  *See Rebarber's Mot.* at 5-6.

### A.   The Relevance Objection: Law of the Case

The first problem with Mr. Rebarber's motion is the extent to which the doctrine of law of the case would bar his relitigating a previously resolved issue.  On December 15, 2020, Mr. Rebarber filed a motion to exclude Mr. Irizarry's testimony, arguing:

> Mr. Irizarry's testimony is irrelevant to the claims of [his] case [against Mr. Feliciano].  Moreover, Mr. Irizarry is not qualified to testify in this

8

case, nor should his opinion be considered as an expert opinion on the
topic he is being proposed to testify on.

*See* No. 3:18-cv-01218-JAW, *Mot. to Preclude Expert Op. and Test.* at 2 (ECF No. 158).

Rejecting Mr. Rebarber's interpretation of Rule 42 of the Federal Rules of Civil
Procedure, on May 6, 2021, Judge Gelpí denied Mr. Rebarber's motion in limine, after
discussing the shared questions of fact in the companion cases and finding
"Rebarber's reasoning in moving for exclusion of Irizarry's expert testimony flawed."
No. 3:18-cv-01218-JAW, *Mem. and Order* at 3 (ECF No. 203).

Thus, the Court expressly rejected Mr. Rebarber's first challenge to Mr.
Irizarry's expert testimony, namely that his testimony would not be relevant, and Mr.
Rebarber has not demonstrated why that determination is not law of the case. *See*
*United States v. Ford*, No. 1:12-cr-00163-JAW, 2014 U.S. Dist. LEXIS 42953, at *18
(D. Me. Mar. 31, 2014) ("The Court's order denying [the motion in limine] is the law
of the case, and [the defendant] has given the Court no grounds to reverse its previous
decision").

To this point, in the Court's view, Judge Gelpí's May 6, 2021 order in which he
ruled that Mr. Irizarry's expert testimony is relevant, is subject to the law of the case
doctrine. "Under the law of the case doctrine," the First Circuit has written, "'when
a court decides upon a rule of law, that decision should continue to govern the same
issues in subsequent stages in the same case.'" *Negron-Almeda v. Santiago*, 579 F.3d
45, 50 (1st Cir. 2009) (quoting *United States v. Wallace*, 573 F.3d 82, 87-88 (1st Cir.
2009)).  This Court has the authority to revisit a prior order. *Arizona v. California*,
460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit

the tribunal's power").  Even so, the standard for reviewing a prior decision is strict.  In *Harlow v. Children's Hospital*, 432 F.3d 50 (1st Cir. 2005), the First Circuit wrote that "[u]nder the law of the case doctrine, as now most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Id.* at 55 (quoting *Arizona*, 460 U.S. at 618 n.8).  As the Court does not find that Judge Gelpí's May 6, 2021 order is clearly erroneous or that it would work a manifest injustice, and further concludes that it is correct on its own merits, the Court declines to reopen the issue resolved by Judge Gelpí's May 6, 2021 order.

### B.  The *Daubert* Objection: Qualifications and Opinions

As to Mr. Rebarber's second challenge, Judge Gelpí's May 6, 2021 order did not mention *Daubert* or rule on Mr. Irizarry's expert qualifications.  Moreover, on January 22, 2018, in case No. 16-cv-2719, Mr. Rebarber filed his first motion in limine to exclude Mr. Irizarry's testimony solely on Rule 702 and *Daubert* grounds.  No. 3:16-cv-02719-JAW, *Def.'s Mot. to Preclude Expert Op. and Test. of Pl.'s Expert, Luis Irizarry Pursuant to Daubert Standards* (ECF No. 44).  The Magistrate Judge dismissed the motion without prejudice in a line order stating: "This matter may be addressed at trial."  No. 3:16-cv-02719-JAW, *Order* (ECF No. 97).  The Court will therefore consider Mr. Rebarber's Rule 702 argument, which has not yet been explicitly resolved.

### 1.    Luis Irizarry's Expert Qualifications

Although Mr. Rebarber emphasizes that Mr. Irizarry is not an FAA certified Airframe & Powerplant Mechanic and questions his educational credentials and certifications, *Rebarber's Mot.* at 6, "[e]xperts may testify on the basis of experience." *Brown v. Wal-Mart Stores, Inc.*, 402 F. Supp. 2d 303, 308 (D. Me. 2005) (noting that "if the [expert] witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts") (citing FED. R. EVID. 702 advisory committee's note)).[2] Here, the Court concludes that Mr. Irizarry has sufficient education, training, and experience to express his expert opinions, and that the extent of his expertise is more properly the subject of cross-examination by Mr. Rebarber than grounds for exclusion.

### 2.    Luis Irizarry's Expert Opinions

In his *Daubert* challenge, Mr. Rebarber insists that Mr. Irizarry does not explain his methodology and that his conclusions constitute uninformed speculation, as argued in both of Mr. Rebarber's prior motions to exclude this expert's testimony. *See* No. 3:16-cv-2719, *Def.'s Mot. to Preclude Expert Op. and Test. of Pl.'s Expert, Luis*

---

[2]    In Mr. Rebarber's motion, he asserts that he "subpoenaed St. Petersburg College (formerly known as St. Petersburg Junior College) and requested any and all student records for Mr. Irizarry." *Rebarber's Mot.* at 11.    He represents that "[o]n September 3, 2021, the undersigned received communication from the College indicating that they had no record of Mr. Irizarry having studied there." *Id.*   Mr. Rebarber refers to an Exhibit 3, which he says is a letter from Ms. Pamela Smith, but he failed to attach Exhibit 3 (or any exhibits) to his motion.  *Id.*   As the Court is not a factfinder, it cannot resolve a factual dispute as to whether Mr. Irizarry actually received the education reflected in his CV.

*Irizarry Pursuant to Daubert Standards* at 6 (ECF No. 44); No. 3:18-cv-1218, *Mot. to Preclude Expert Op. and Test.* at 9-10 (ECF No. 158).

Mr. Rebarber also challenges Mr. Irizarry's lack of specificity as to the basis of his opinions. *Rebarber's Mot.* at 7-8. As Mr. Rebarber recounts in his motion, Mr. Irizarry's expert report lists broad categories of information consulted; however, it goes on to reference specific sources as they relate to his various conclusions. *Id.* For example, Mr. Irizarry refers generally to his logbook reviews but also notes that he reviewed specific AA flight log pages tied to specific airplanes and dates. *See Mot. Submitting Expert Reports*, Attach. 2, *Expert Witness Report* at 13-14 (ECF No. 167). Mr. Irizarry attached his Freedom of Information Act request for specific "records, communications, and documents on file with the San Juan Flight Standards District Office (FSDO) between January 1, 2010 and December 31, 2014 pertaining to Air America, Inc." *Id.* at 21.

Clearly, Mr. Rebarber is not impressed with Mr. Irizarry's opinions, now bringing a third motion to exclude this expert; however, an opponent's skepticism does not justify an expert's exclusion. The critical question under Rule 702 is whether the proffered expert's proposed testimony will "help the trier of fact to understand the evidence or to determine a fact in issue . . .." Fed. R. Evid. 702. Here, having reviewed his expert reports and the parties' submissions, the Court concludes that the proposed expert testimony of Luis Irizarry meets this legal standard.

In his motion for reconsideration of the denial of his motion for summary judgment in case No. 3:16-cv-2719, Mr. Rebarber argued, as he does now, that Mr.

Irizarry's conclusion (that the lack of maintenance entries in AA's logbooks for long periods of time reflected efforts to hide problems and prevent planes from being grounded) impermissibly suggests "dolo." No. 3:16-cv-2719, *Mot. Req. Recons. of Op. & Order* at 4-5 (ECF No. 111). In denying the motion for reconsideration, the Magistrate Judge agreed with Mr. Rebarber that such testimony could have been relevant to the dismissed dolo claim, but the Magistrate Judge pointed out that Mr. "Irizarry's conclusions are also relevant to the breach of contract claim," and the breach of contract claim remains at issue in the upcoming trial. No. 3:16-cv-2719, *Op. and Order* at 4 (ECF No. 145). Quoting the purchase agreement, the Magistrate Judge explained that "Mr. Irizarry's conclusions dispute [Mr. Rebarber]'s assertion that Air America, Inc. was in full compliance with FAA regulations and there were no undisclosed maintenance and repair issues at the time of the SPA." *Id.* at 5. He concluded that Mr. Rebarber "may vigorously cross-examine Mr. Irizarry at trial and the jury would decide how much credibility to lend to Mr. Irizarry's testimony." *Id.* The Court reaches the same conclusion today.

### 3.    Summary

To the extent that Mr. Rebarber wishes to question Mr. Irizarry's qualifications and the soundness of his opinions, the Supreme Court has written that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596; *see Payton v. Abbott Labs.*, 780 F.2d 147, 156 (1st Cir. 1985) ("If the factual underpinnings of [the expert's] opinions [are]

in fact weak, that [is] a matter affecting the weight and credibility of their testimony"); *Brown*, 402 F. Supp. 2d at 308. Mr. Rebarber is free to call his own aviation expert witnesses (with the aviation qualifications that he says Mr. Irizarry lacks) to present countervailing expert opinions.

## VI.   CONCLUSION

The Court DENIES Fred Rebarber's Motion to Exclude Luis Feliciano's expert Luis Irizarry (ECF No. 194).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2022

14