UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRED J. REBARBER-OCASIO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LUIS FELICIANO-MUNOZ, et al. ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> LUIS FELICIANO-MUNOZ, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FRED J. REBARBER-OCASIO, ) <br> ) <br> Defendant. ) | No. 3:18-cv-01218-JAW <br><br><br><br><br><br><br> No. 3:16-cv-02719-JAW |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On the very eve of trial, on June 9, 2022, Fred J. Rebarber-Ocasio filed a motion for reconsideration of this Court's June 6, 2022 order in which the Court denied Mr. Rebarber's motion objecting to Air America, Inc.'s (AA) reinstatement as a claimant in this case. *Mot. for Recons. of Order at DN 230* (ECF No. 235) (*Rebarber Mot. for Recons.*); *Order on Pretrial Mots.* at 7-10 (ECF No. 230).

This is not the first time Mr. Rebarber has moved this Court to reconsider its decision concerning AA's position in this lawsuit. The issue flows from the proper interpretation of a decision of the Court of Appeals for the First Circuit in this case. *See Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53 (1st Cir. 2020). All concede that

the First Circuit decision in this case is binding on this Court and on the parties. However, Mr. Rebarber emphatically disagrees with decisions of this Court to allow AA to remain in this case as a third-party beneficiary to the contract between Mr. Feliciano and Mr. Rebarber concerning the purchase and sale of AA.

After the First Circuit remanded this case to this Court with instructions not to allow Mr. Feliciano's so-called dolo claim to go forward, on November 13, 2020, the Magistrate Judge issued an order, initially concluding that AA no longer had standing and dismissing it from the case. *Op. and Order* at 3 n.1, 14 (ECF No. 111). On January 4, 2021, AA filed a Rule 60(b)(6) motion for relief from judgment, asking the Magistrate Judge to reconsider his ruling. *Mot. Pursuant to Rule 60(b)(6)* (ECF No. 127). Significantly, Mr. Rebarber did not file an objection to AA's Rule 60(b)(6) motion. *Op. and Order* at 2 (ECF No. 144) ("Defendant did not file a response in opposition"). On March 23, 2021, the Magistrate Judge issued a six-page order, granting AA's Rule 60(b)(6) motion. *Id.* at 1-6. The Magistrate Judge analyzed AA's position under Puerto Rico law and concluded that AA was a third-party beneficiary to the stock purchase agreement (SPA) between Mr. Feliciano and Mr. Rebarber because the SPA expressly conferred a benefit on AA. *Id.* at 5.

On April 7, 2021, Mr. Rebarber moved for the Magistrate Judge to reconsider his March 23, 2021 order. *Mot. for Recons. of* Opinion and Order *at DN 144* (ECF No. 149). Mr. Rebarber argued (1) that AA's request for reinstatement was untimely, (2) that AA had not established exceptional circumstances to allow it to raise its status as third party beneficiary so late in the game, (3) that Mr. Rebarber was prejudiced

because new discovery would have to be engaged in, and (4) that the Magistrate Judge's earlier determination that AA had no standing was correct. *Id.* at 3-8.

On August 27, 2021, the Magistrate Judge denied Mr. Rebarber's motion for reconsideration. *Op. and Order* (ECF No. 170). The Magistrate Judge observed that Mr. Rebarber had failed to respond to the Rule 60(b) motion and that "it would have been prudent for [Rebarber] to file a response to [AA]'s Rule 60(b) motion instead of filing a motion for reconsideration." *Id.* at 4. The Magistrate Judge then addressed each of Mr. Rebarber's contentions: (1) timeliness, (2) the absence of exceptional circumstances, (3) potential prejudice to Mr. Rebarber, and (4) the link between the SPA and AA's involvement in the case. *Id.* at 3-8.

After the cases were consolidated for trial, the Court held a Final Pretrial Conference on March 11, 2022. *Min. Entry* (ECF No. 188). At the final pretrial conference, Mr. Rebarber mentioned that he was concerned that the district court was not complying with the First Circuit directive regarding the dolo claim. *See Report of Final Pretrial Conference and Order* at 2 (ECF No. 189). The Court set a briefing schedule for this issue. *Id.* In his motion concerning the dolo claim, although using slightly different language, Mr. Rebarber raised once again the Magistrate Judge's decision to allow AA to participate as a third party beneficiary, objecting again to the Magistrate Judge's orders of March 23, 2021 and August 27, 2021, raising again the same issues that the Magistrate Judge had considered and rejected. *Mem.* at 4-10 (ECF No. 193). On June 6, 2022, the Court issued an order, denying Mr. Rebarber's attempt to relitigate the AA issue. *Order on Pretrial Mots.* at 7-10 (ECF

No. 230). The Court concluded that the Magistrate Judge's prior rulings were law of the case and that, in any event, the orders were correct and should be affirmed. *Id.* at 8-11.

Surprisingly, on June 9, 2022, Mr. Rebarber filed yet another motion for reconsideration on the same issue: the status of AA in this litigation. *Rebarber Mot. for Recons.* at 1-5. Mr. Rebarber reiterated his earlier (rejected) argument that the First Circuit opinion precluded AA's third party beneficiary status under the SPA, claiming that the "First Circuit Court already ruled on this issue." *Id.* at 2. Mr. Rebarber raised another issue for the first time: that AA's presence in this lawsuit is not in accordance with Puerto Rico corporate law, which he contends requires a corporate resolution by the Board of Directors before a corporate entity may initiate a lawsuit. *Id.* at 3.

On June 13, 2022, Mr. Feliciano filed his response. *Opp'n to Mot. for Recons. at DE 235* (ECF No. 241). In his opposition, Mr. Feliciano observed that in the motion for reconsideration, Mr. Rebarber is "present[ing] the same arguments that he already brought before the Honorable Court" and were "already decided against Rebarber." *Id.* at 2. Mr. Feliciano argued that "[t]here is simply no prejudice to Defendant Rebarber, as there is no new evidence, nor new allegations, nor new causes of action." *Id.* at 3.

From the Court's perspective, Mr. Rebarber's June 9, 2022 motion for reconsideration is entirely out of order. Mr. Rebarber raises one old issue, namely the impact of the First Circuit decision on AA's third party beneficiary claim, that has

4

been the subject of three prior orders of the Court. Mr. Rebarber gives no explanation for why he is raising this same issue again, which has been repeatedly ruled on, a little over one week from jury selection.

In his June 9, 2022 motion, Mr. Rebarber raises one entirely new issue not raised in any of his prior motions: the requirements of Puerto Rico corporate law for commencing a lawsuit. Mr. Rebarber gives no explanation for why he is raising this new issue for the first time a little more than one week before jury selection. As to AA's compliance with Puerto Rico corporate law, the Court deems that Mr. Rebarber has waived the issue for purposes of his newest motion for reconsideration by failing to raise it in any of his prior motions and holding back until the eve of trial before asserting it.

There must be a time in every case where the parties accept the trial court's rulings and proceed to trial. In fact, it borders on the abusive to return again and again to the Court, especially on the very eve of trial, demanding that it revisit orders previously and repeatedly affirmed. If the trial court has erred, Mr. Rebarber may elect to appeal. That would be his right. But now is the time for trial and the Court urges Mr. Rebarber to prepare for jury selection on June 17, 2022 and for trial commencing on June 21, 2022, and to allow the Court and opposing counsel to do the same.

The Court DENIES Fred J. Rebarber-Ocasio's Motion for Reconsideration of Order at DN 230 (ECF No. 235).

**SO ORDERED.**

                              <u>/s/ John A. Woodcock, Jr.</u>
                              JOHN A. WOODCOCK, JR.
                              UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2022