UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRED J. REBARBER-OCASIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-cv-01218-JAW |
| ) | |
| LUIS FELICIANO-MUNOZ, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| LUIS FELICIANO-MUNOZ, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:16-cv-02719-JAW |
| ) | |
| FRED J. REBARBER-OCASIO, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR EXECUTION OF JUDGMENT**

The Court grants a judgment creditor's motion for execution of judgment over the judgment debtors' objection, declines to grant the judgment debtors' motion for stay of execution, clarifies the law applicable to postjudgment interest, defers ruling on pre- and post-judgment interest, and orders the defendants to respond to the pending bill of costs and motion for award of attorney's fees.

**I.     BACKGROUND**

On July 1, 2022, at the close of an eight-day civil trial, a federal jury issued a verdict in favor of Fred J. Rebarber-Ocasio against Luis Feliciano-Muñoz in the total amount of $534,836.00 and jointly and severally against Christel Bengoa and the

Bengoa/Feliciano Conjugal Partnership in the amount of $141,400.00, resulting in a total judgment of $534,836.00 against Mr. Feliciano-Muñoz of which Ms. Bengoa and the Bengoa/Feliciano Conjugal Partnership are jointly and severally liable for $141,400.00.  *J.* at 1-2 (ECF No. 271).

On July 27, 2022, Mr. Feliciano-Muñoz, Ms. Bengoa, and the Bengoa/Feliciano Conjugal Partnership (Defendants) moved for a new trial or amended judgment under Federal Rule of Civil Procedure 59.  *Mot. under Rule 59 for New Trial and/or Am. J.* (ECF No. 279).  On August 8, 2022, Mr. Rebarber-Ocasio responded, urging the Court to deny the motion in part because "the Defendants/Plaintiffs mention instances in which evidence was presented to the Jury yet fail to make a single specific reference to the specific place in the transcripts or Court record to support their arguments."  *Resp. in Opp'n to Defs.' Mot. under Rule 59 for New Trial and/or Am. J. (DN 279)* at 2 (ECF No. 281).  On August 15, 2022, Defendants moved to be allowed to amend their Rule 59 motion "with specific quotes from the record."  *Mot. Regarding Trial Tr.* (ECF No. 282).  On August 23, 2022, the Court granted the Defendants' motion over Mr. Rebarber's objection.  *Order* (ECF No. 285).  On November 27, 2022, the court reporter filed the first completed transcript for the trial proceedings on June 21, 2022, *Jury Trial Proceedings* (ECF No. 305), and on November 29, 2022, the second completed transcript for the trial proceedings on June 22, 2022.  *Jury Trial Proceedings* (ECF No. 306).

On October 3, 2022, Mr. Rebarber moved for an order requesting an execution on the judgment and requiring the Defendants to file a supersedeas bond.  *Mot. Req.*

*Order* (ECF No. 293) (*Pl.'s Mot.*). On November 2, 2022, the Court issued an order, explaining the current state of the law on executions following a judgment. *Order on Mot. for Order* (ECF No. 301) (*Order*). In its November 2, 2022 order, the Court granted the Defendants two weeks to "take a formal position pursuant to Federal Rule of Civil Procedure 62" concerning Mr. Rebarber's request for writ of execution. *Id.* at 1, 8. On November 9, 2022, Mr. Rebarber formally moved for an execution on the judgment. *Pl.'s Mot.* (ECF No. 302) (*Pl.'s Mot.*). On November 15, 2022, the Defendants responded. *Mot. under Rule 62* (ECF No. 303) (*Defs.' Opp'n*). The Defendants framed their response as a motion under Rule 62; Mr. Rebarber did not respond.

## II.   POSITIONS OF THE PARTIES

### A.   Fred J. Rebarber's Motion

In his motion for execution, Mr. Rebarber largely tracks this Court's order dated November 2, 2022 in demanding the immediate issuance of a writ of execution. *Pl.'s Mot.* at 1-3. Citing Rule 44.3 of the Puerto Rico Rules of Civil Procedure, Mr. Rebarber also requests post-judgment interest on the judgment amount plus costs and attorney's fees. *Id.* at 3-5. Finally, Mr. Rebarber demands an award of attorney's fees and costs.

### B.   The Defendants' Motion and Response

On November 15, 2022, the Defendants filed a combined motion and their opposition. *Defs.' Opp'n* at 1-3. The Defendants pressed their contention that the jury verdict is in error and that the jury should have awarded Mr. Rebarber only

3

$97,500. *Id.* at 3. Indeed, when Mr. Feliciano's claim for reimbursement is considered, the Defendants contend that Mr. Rebarber owes the Defendants $17,500. *Id.* The Defendants urge the Court not to require a bond or in the alternative, the Defendants say that Mr. Feliciano will post a bond for "an amount not higher than $99,531.25 ($97,500 + $2,031.25 interest)." *Id.*

### III.  DISCUSSION

#### A.  Motion for Writ of Execution

The Court is nonplussed by the Defendants' filing. It is as if the jury verdict, awarding $534,836.00 were advisory, suggesting a resolution that the Defendants are free to disregard. This is not the law. Of course, the Defendants are free to press any arguments they wish with this Court in their Rule 59 motion and with the Court of Appeals for the First Circuit in any appeal. But, as the Court explained in detail in its November 2, 2022 order, "Mr. Rebarber is currently entitled to an execution on the judgment issued on July 1, 2022 by the Clerk's Office in the total amount of $534,836.00 against Luis Feliciano-Muñoz and against Crystal Bengoa and their conjugal partnership in the amount of $141,400.00." *Order* at 6-7.

The "burden to obtain a stay of execution rests with Mr. Feliciano." *Id.* at 7. As the Court explained in detail, Mr. Feliciano could meet the requirements for a stay of writ of execution by filing a bond, by presenting other evidence of security, or by demonstrating to the Court that "his ability to pay is so plain that the posting of a bond would be a waste of money." *Id.* at 7-8 (quoting *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2022)). Simply put, except to express their disagreement

4

with the verdict, the Defendants did not respond to the Court's order. The Defendants have asserted the position that the Court should not require a bond at all, or in the alternative, they proposed to file a bond for less than a fifth of the amount of the verdict. But they offered no means (such as a supersedeas bond, other security, or a financial statement) that would allow the Court to defer issuance of a writ of execution pending appeal based on their compliance with Rule 62. Specifically, the Defendants are silent about how the Court should apply the five criteria the Court described in its Order on the Motion for Order:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Order* at 6 (quoting *Augustin v. Nassau Cty. Sheriff's Dep't (In re Nassau Cty. Strip Search Cases)*, 783 F.3d 414, 417-18 (2d Cir. 2015)).

The Defendants have ignored not only the jury verdict and judgment against them, but they have also substantially ignored the Court's November 2, 2022 order. They have given the Court no legal basis not to grant Mr. Rebarber's motion for writ of execution.

### B.   Postjudgment Interest[1]

---

[1]   By contrast, prejudgment interest is a matter of Puerto Rico law. *See Holsum de P.R., Inc. v. Compass Indus. Grp. LLC*, 3:18-cv-2004-JAW, 2022 U.S. Dist. LEXIS 197067, at *4-5 (D.P.R. Oct. 26, 2022) (citing Article 1061, 31 L.P.R.A. § 3025).

Although Mr. Rebarber cites Puerto Rico state law for the imposition of postjudgment interest, he is wrong. Federal law, not state law, "governs the entitlement to postjudgment interest in any federal civil suit, including a diversity suit such as the instant action." *Vazquez-Filippetti v. Cooperativa de Seguros Múltiples de P.R.*, 723 F.3d 24, 28 (1st Cir. 2013). "Section 1961(a) of the Judicial Code entitles the prevailing party in federal court to postjudgment interest 'from the date of entry of judgment' at the rate fixed in the statute." *Id.* Section 1961(a) provides in part:

> Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[.] the date of the judgment.

28 U.S.C. § 1961(a). As Mr. Rebarber erroneously assumed that postjudgment interest would be equal to prejudgment interest, his interest calculations in his motion are in error and will have to be resubmitted. The Court is therefore ordering Mr. Rebarber to supplement his demand for postjudgment interest to reflect the correct figures within two weeks of the date of this order and allowing the Defendants two weeks to object. Furthermore, Mr. Rebarber presented no prejudgment interest calculations.

### C. Court Costs and Attorney's Fees

On July 11, 2022, Mr. Rebarber filed with the Court his bill of costs in the amount of $64,692.63 and for attorney's fees in the amount of $110,000 with the Court. *Mot. for Costs and Att'y Fees* (ECF No. 272). On July 25, 2022, the Defendants

moved to extend the time within which they were required to respond to the bill of costs until thirty days after the Court ruled on their contemplated post-judgment motion to vacate the jury verdict. *Mot. for Extension of Time to Oppose Mot. for Costs and Att'y Fees* at 1 (ECF No. 277). On July 26, 2022, Mr. Rebarber opposed the Defendants' motion for extension. *Mot. in Opp'n to Pl./Def.'s Mot. for an Extension of Time to Oppose to Mot. for Costs and Atty's Fees* (ECF No. 278).

The Court has not yet acted on the motion for extension; however, in view of its conclusion that Mr. Rebarber is entitled to an immediate execution on the judgment, the Court is granting the motion for extension in part and denying it in part, ordering the Defendants to respond within two weeks of the date of this order to Mr. Rebarber's bill of costs and motion for award of attorney's fees. Mr. Rebarber may wish to withhold his request for an execution on the judgment until his bill of costs and attorney's fee issues are resolved, but the Court is aware of no authority requiring him to do so.

## IV.   CONCLUSION

The Court GRANTS so much of Fred J. Rebarber-Ocasio's Motion for Order (ECF No. 302) as demands an execution of the judgment of this Court dated July 1, 2022 and defers ruling on his request for postjudgment interest. The Court DENIES the Defendants' Motion under Rule 62 (ECF No. 303). The Court GRANTS in part and DENIES in part the Defendants' Motion for Extension of Time to Oppose Motion for Costs and Attorney Fees (ECF No. 277) and ORDERS the Defendants to respond to the Plaintiff's bill of costs and motion for award of attorney's fees within two weeks

of the date of this Order. Finally, the Court ORDERS Fred J. Rebarber-Ocasio to supplement his motion for order within two weeks of the date of this order to provide the Court with accurate prejudgment and postjudgment interest computations and ORDERS the Defendants to file any objections within two weeks.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2022